Per Curiam.

There can be no question that the Common Pleas Court, in the in rem action, has jurisdiction of the relator herein, since he instituted the action, and of the wife, because she entered her appearance by filing an answer and cross-petition. The court also has jurisdiction of the subject matter, namely, the former residence of the parties and certain personal property therein, all located in Summit County.
The respondent, as judge in that case, in effect made an interlocutory order as to the custody of certain items of personal property located in the residence by permitting its removal therefrom. The issuance of such order without the introduction of evidence is not the exercising of a jurisdiction beyond that granted by Jaw, as contended by relator. It might be urged that the order is erroneous, if and when an appeal from a final order in the case is taken.
Prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction to prevent an inferior court or tribunal from usurping jurisdiction with which it is not legally invested, and may not be employed as a substitute for the usual orderly process of appeal. State, ex rel. Scoratow, v. Common Pleas Court of Wood County, 170 Ohio St., 76; State, ex rel. Winnefeld, v. Court of Common Pleas, 159 Ohio St., 225.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, - Taft, Matthias, Bell, Herbert and Peck, JJ., concur.